IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS L. HUDSON,

      Plaintiff,　　　　　　　　　　No. 2:11-cv-3052 LKK AC P

   vs.

C/O S. BIGNEY, et al.,

      Defendants.　　　　　　　　　FINDINGS AND RECOMMENDATIONS

                             /

        Plaintiff, a state prisoner, is proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss, filed on March 7, 2012 (Doc. No. 13), to which plaintiff filed his opposition on March 22, 2012 (Doc. No. 17). Defendants do not contend that plaintiff's allegations fail to state a claim for relief. See generally Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (discussing standards for motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). Rather, they rely on case law providing for dismissal of a duplicative lawsuit. Defendants are correct that the court's broad discretion to control its docket includes the authority to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions. Adams v. Cal. Dept. Of health Services, 487 F.3d 684,

1

688 (9th Cir. 2007). As explained in greater detail below, however, this principle applies only where the later-filed action is duplicative of a pending *federal* action. It is not the rule that applies here, and it does not support dismissal of the instant complaint.

### Allegations of the Federal Complaint

This § 1983 case was filed on November 17, 2011 (or by application of the mailbox rule,[1] on November 13, 2011). Plaintiff claims that Licensed Vocational Nurse (LVN) K. Adam and Correctional Officer (CO) Bigney violated his rights under the First and Eighth Amendments. Plaintiff alleges that on September 12, 2010, after defendant Adam passed him a tube containing his methadone medication, he returned the empty tube to Adam. She then falsely told CO Bigney that it was not the same tube she had just passed to plaintiff. Plaintiff was told to step out of his cell, and he and his cell were searched. Doc. No. 1 at 3.

Plaintiff told the defendants he was going to write them up for harassment. Defendant Bigney then pepper-sprayed plaintiff in the face and eyes and tackled him to the floor, repeatedly hitting plaintiff in the head and kneeing him in the back. Plaintiff was then handcuffed and taken to have the pepper spray rinsed off. He was placed in a cage in handcuffs and without his cane for five hours, without medical treatment for his burning eyes and aching left side. Plaintiff alleges that he was attacked by defendants in retaliation for having filed grievances against defendant Adam regarding medical issues. Plaintiff also states that defendant Bigney had previously been written up for racist actions toward black inmates and had been sanctioned for assaulting minority inmates who alleged that he used excessive force.[2]   Doc. No. 1 at 3-4.

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

[2] It is unclear whether plaintiff himself had filed such allegations against defendant Bigney.

<u>Plaintiff's Pending State Court Actions</u>

By their motion, defendants direct the court's attention to two pending state cases in which plaintiff has raised claims arising from the same incident. Doc. 13-2, Exhibits A & B. The court takes judicial notice of both proceedings.[3]

*<u>Hudson v. Bigney</u>, Sacramento Superior Court No. 34-2011-96175*

Plaintiff filed suit against CO Bigney on January 28, 2011 in Sacramento County Superior Court, alleging that Bigney's assault on September 12, 2010 violated the California Penal Code and the California Constitution. Doc. No. 13-2 at 5-26 (Exhibit A). On the California civil complaint form plaintiff indicates the following as his causes of action: general negligence, intentional tort, products liability and premises liability. <u>Id.</u> at 7, 16-19. He seeks damages for "pain and suffering, mental and emotional distress cause[d] by the excessive use of force . . ." He alleges that as the result of Bigney's attack he suffers from breathing trouble, sleep apnea, and chronic back, neck and shoulder pain. Plaintiff also seeks punitive damages. <u>Id.</u> at 7, 20.

*<u>Hudson v. Adam</u>, Sacramento Superior Court No. 34-2011-96155*

In this complaint, also filed on January 28, 2011, plaintiff seeks damages from LVN Adam for her conduct related to the September 12, 2010 incident. Doc. No. 13-2 at 28- (Exhibit B). Plaintiff alleges causes of action for general negligence, intentional tort, premises liability and products liability, and seeks general and punitive damages. <u>Id.</u> at 30-35. Plaintiff alleges in support of his state law claims that defendant Adam instigated Bigney's attack in retaliation against plaintiff for having written her up on numerous occasions and having spoken to her supervisor about her claimed "unprofessional behavior." <u>Id.</u> at 32, 38-39. Plaintiff also

---

[3] On a motion to dismiss, the court may consider facts which may be judicially noticed. <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987). Court records are subject to judicial notice. <u>See Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994); <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

3

alleges that Adam used racially offensive language on numerous occasions. Id. at 32.

### Standards Governing Dismissal or Stay of Duplicative Action

Defendants contend that the instant action should be dismissed or stayed in light of the previously-filed state court actions. The authorities cited in support of the motion, however, deal exclusively with duplicative lawsuits filed in the same or different *federal* court(s). See United States v. The Haytian Republic, 154 U.S. 118, 123-124 (1894); Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947); Walton v. Eaton, 563 F.2d 66, 70 (3d Cir. 1977); Serlin v. Arthur Anderson & Co., 3 F.3d 221, 224 (7th Cir. 1993); Adams v. Cal. Dep't of Health Services., 487 F.3d 684, 688 (9th Cir. 2007). None of these cases involves the dismissal or stay of a federal lawsuit due to the pendency of state court litigation involving the same parties and the same underlying facts.

The Supreme Court has made it perfectly clear that while the general rule as between federal district courts is to avoid duplicative litigation, the general rule as between state and federal courts is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River Water Conservation Dist. v. United States., 424 U.S. 800, 817 (1976). Defendants fail to cite this governing authority, although "[a]ny discussion of federal court deferral to a parallel state proceeding for reasons apart from the three traditional categories of abstention [not applicable here] must begin with Colorado River . . ." Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co., 600 F.2d 1228, 1233 (7th Cir. 1979).

In Colorado River the Supreme Court explained that the "difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 424 U.S. at 817. Federal court deferral to parallel state litigation therefore requires exceptional circumstances. Id. at 813. When faced with a request for abstention under Colorado River, the court must ask not whether there is "some substantial reason for the *exercise* of federal

4

jurisdiction" but whether "exceptional circumstances . . . justify the *surrender* of that jurisdiction." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 (1983) (emphasis in original).

In assessing whether exceptional circumstances exist, the court may consider factors including the inconvenience of the federal forum; the desirability of avoiding piecemeal litigation; and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative. Colorado River, 424 U.S. at 818. Only "the clearest of justifications" will warrant dismissal. Id. at 819.

Analysis

Defendants seek dismissal of plaintiff's federal lawsuit in deference to pending state court litigation, but they fail to cite the correct governing authority and make no attempt to demonstrate the necessary exceptional circumstances. The motion therefore should be denied as unsupported.

Moreover, no exceptional circumstances are suggested by the facts presented here. There is nothing exceptional about a plaintiff filing his state law claims in state court and his federal law claims in federal court. The state and federal proceedings involve different causes of action although they are based on the same facts. That the claims could have been more conveniently consolidated in a single action in either jurisdiction does not constitute an exceptional circumstance. As the Ninth Circuit has noted, "conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to the federal relief which section 1983 assures." Tovar v. Billeyer, 609 F.2d 1291, 1293 (9th Cir. 1979) (finding that the district court erred in dismissing a section 1983 action based on the Colorado River abstention doctrine) .

Defendants' general objection to "piecemeal litigation" is insufficient. The mere existence of simultaneous state and federal lawsuits does not support dismissal or stay. The question is whether "exceptional circumstances exist which justify special concern about

piecemeal litigation." Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).[4] There is no such "special concern" where, as here, the parallel litigation involves ordinary tort issues rather than a comprehensive state action uniquely capable of adjudicating the rights of many parties or the disposition of much property. Id. "The mere existence of a case on the state docket in no way causes a substantial waste of judicial resources nor imposes a burden on the defendant' which would justify abstention." Herrington v. County of Sonoma, 706 F.2d 938, 940 (9th Cir. 1983) (internal quotation omitted). Defendants have made no showing that substantial progress has been made in the state actions that should weigh against this court's exercise of its jurisdiction. See Travelers, 914 F.3d at 1370. Indeed, defendants provide no information regarding the status of the state cases.

Because this court has a duty to exercise its jurisdiction, any doubt about the existence of a Colorado River factor should be resolved against a stay, not in favor of one. Travelers, 914 F.2d at 1369. Moreover, the presence of a federal issue weighs heavily in favor of retaining federal court jurisdiction. Moses H. Cone Memorial Hosp., 460 U.S. at 23. Plaintiff's federal complaint alleges violations of federal constitutional rights that are not being asserted in the state court actions. Accordingly, as in Tovar and Travelers, this court should exercise its jurisdiction. Colorado River does not counsel otherwise.

Because plaintiff does not seek to enjoin an ongoing state prosecution or administrative proceeding, and resolution of his claims for damages would not interfere with any such proceeding, the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971) is also inapplicable. See Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011) (Younger does not apply in the context of ordinary civil litigation). Younger principles

---

[4] In Travelers, parallel federal and state cases involved distinct but related contract and tort issues arising from same dispute between insured and insurer. The Ninth Circuit held that the district court had abused its discretion by staying the federal action under Colorado River. The district court was chided for giving undue weight to the "piecemeal litigation" factor, which was unsupported by any special circumstances beyond the fact that litigation involving the same dispute was proceeding in two courts. Travelers, 914 F.2d at 1368-69.

may support abstention in a § 1983 case, but only if the claim for damages turns on a constitutional challenge to a pending state proceeding.  <u>Gilbertson v. Albright</u>, 381 F.3d 965, 979 (9th Cir. 2004) (en banc).  That is not the case here.  Plaintiff's claim for damages is based on past events, not on a pending state proceeding.

For all these reasons, defendants' motion does not support dismissal or stay of this case.

Accordingly, IT IS RECOMMENDED that:

1. Defendants' motion to dismiss, filed on March 7, 2012 (Doc. No. 13), be denied; and

2. Should these findings and recommendation be adopted, defendants be directed to file their answer within 30 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 11, 2012.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

huds3052.mtd