1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARCUS L. HUDSON,                      No.  2:11-cv-3052 LKK AC P

12                Plaintiff,

13        v.                                ORDER &

14   C/O S. BIGNEY, et al.,                 FINDINGS & RECOMMENDATIONS

15                Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this action pursuant to 42 U.S. §

18   1983.  Plaintiff filed his complaint on November 17, 2011.  ECF No. 1.  The court granted

19   plaintiff's request to proceed in forma pauperis by order filed on December 13, 2011.  ECF No. 5.

20   The complaint was found appropriate for service upon defendants Bigney and Adam.  Id.

21   Defendants' motion to dismiss was denied on February 6, 2013.  See ECF Nos. 20, 22.

22   Defendants filed an answer on March 6, 2013. ECF No. 23.  A Discovery and Scheduling Order

23   was filed on March 8, 2013.  ECF No. 24.

24        Pending before the court are (1) defendants' motion to revoke plaintiff's in forma pauperis

25   status (ECF No. 27), to which plaintiff has filed no opposition; and (2) plaintiff's motion to

26   compel discovery (ECF No. 28), to which defendants have filed no response.

27   ////

28   ////

1

1        I.        Motion to Revoke

2                  A.  Standards

3            28 U.S.C. § 1915 permits any court of the United States to authorize the commencement

4    and prosecution of any suit without prepayment of fees by a person who submits an affidavit

5    indicating that the person is unable to pay such fees.  However,

6                    [i]n no event shall a prisoner bring a civil action or appeal a
                     judgment in a civil action or proceeding under this section if the
7                    prisoner has, on 3 or more prior occasions, while incarcerated or
                     detained in any facility, brought an action or appeal in a court of the
8                    United States that was dismissed on the grounds that it is frivolous,
                     malicious, or fails to state a claim upon which relief may be
9                    granted, unless the prisoner is under imminent danger of serious
                     physical injury.
10

11   28 U.S.C. § 1915(g).

12          In forma pauperis status may be acquired and lost during the course of litigation.

13   Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by

14   Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995).  The plain language of the statute (§ 1915(g))

15   makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma

16   pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination

17   thereof totaling three).  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999).  28 U.S.C. §

18   1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination

19   that each action reviewed (as a potential strike) is carefully evaluated to determine that it was

20   dismissed as frivolous, malicious or for failure to state a claim.  Andrews v. King, 398 F.3d 1113,

21   1121 (9th Cir. 2005).  Defendant has the burden to "produce documentary evidence that allows

22   the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed

23   because they were 'frivolous, malicious or fail[ed] to state a claim.'"  Id., at 1120 (quoting

24   § 1915(g)).  Once defendants meet their initial burden, it is plaintiff's burden to explain why a

25   prior dismissal should not count as a strike.  Id.  If the plaintiff fails to meet that burden,

26   plaintiff's IFP status should be revoked under § 1915(g).  Id.

27          In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found

28   that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes."  Thus, "a

                                                    2

1   district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant

2   has exhausted or waived his opportunity to appeal.  This means a dismissal ripens into a 'strike'

3   for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for

4   writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ

5   of certiorari expired, if he did not."  Id. at 1100 (internal quotation omitted).  "If a prisoner does

6   not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a

7   direct appeal expired."  Id., n.6.

8           B.  Discussion

9           Defendants contend in their motion that plaintiff's litigation history shows that he has at

10  least three prior strikes.  Per defendants' request, the undersigned takes judicial notice of the

11  following cases:[1]

12          1.  Hudson v. Meester, No. C 02-cv-000925 (PR) (N.D. Cal.).  On November 28, 2001,

13  plaintiff filed a complaint against a public defender and another attorney assigned to him claiming

14  that they had failed to provide him effective assistance of counsel in a state court criminal action,

15  violating his civil rights.  ECF No. 27-3, Exhibit A.  The district court determined that his claims

16  against two public defenders "fail[ed] to state a cognizable action under 42 U.S.C. § 1983,"

17  dismissing the complaint without leave to amend, ruling that plaintiff could not cure its defects by

18  amending it and that "[h]is request for leave to proceed in forma pauperis was rendered moot by

19  the dismissal."  Id., Ex. B.  Plaintiff's subsequent motions for appointment of counsel were

20  denied as moot because, on April 3, 2002, the complaint had been dismissed because his "claims

21  failed to state a cognizable action under 42 U.S.C. §1983."  Id., Ex. C.

22          2.  Hudson v. Carey, No. 2:06-cv-0100 MCE DAD P (E.D. Cal.).  This case was filed on

23  January 17, 2006.  See, Case Docket for 2:06-cv-0100 at ECF No. 1.  Finding that plaintiff had

24  not filed a proper complaint and that the court was unable to determine whether the action could

25  proceed against any defendant, the Magistrate Judge dismissed the complaint by order filed on

26  November 16, 2006.  Id., ECF No. 12.  Plaintiff's amended complaint was dismissed with

27

28  _____
    [1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d
    500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1    plaintiff given a "final opportunity to submit a proper pleading that states federal claims upon

2    which relief can be granted." Id., ECF No. 15.  After granting plaintiff an extension of time to

3    file a second amended complaint, the Magistrate Judge recommended dismissal of this action

4    without prejudice when plaintiff failed to file a further amended complaint.  Id., ECF Nos. 17, 18.

5    Plaintiff was then granted an extension of time to file his objections to the findings and

6    recommendations.  Id., ECF Nos. 19, 20.  No objections were filed and the case was dismissed

7    without prejudice by order filed on May 17, 2007.  Id., ECF No. 21; see also, ECF No. 27-3 in

8    2:11-cv-3052 (the instant case), Ex. I.

9         3.  Hudson v. Agyeman, No. 2:08-cv-3031 CMK P (E.D. Cal.).  On December 15, 2008,

10   plaintiff filed a complaint alleging that he had been subjected to a colonoscopy without his

11   consent which resulted in medical problems for him.  See, Case Docket for 2:08-cv-3031, ECF

12   No. 1.  The complaint was dismissed with leave to amend.  Id., ECF No. 8.  Upon the screening

13   of the amended complaint, the court ordered plaintiff to show cause "why this action should not

14   be dismissed for failure to state a claim."  Id., ECF No. 11.  Upon plaintiff's failure to respond to

15   the show cause order, the court found appropriate "dismissal of this action for failure to state a

16   claim. . . . ."  Id., ECF No. 12.  The case was dismissed on April 15, 2009, prior to the date on

17   which the instant complaint was filed.   Id.; see also, ECF No. 27-3 in 2:11-cv-3052 (the instant

18   case), Ex. J.

19        "[A] dismissal without prejudice counts as a strike, so long as the dismissal is made

20   because the action is frivolous, malicious, or fails to state a claim." O'Neal v. Price, 531 F.3d

21   1146, 1154 (9th Cir. 2008) (internal citation and quotation marks omitted).  A dismissal for

22   failure to prosecute an action constitutes a strike when it is based upon the plaintiff's failure to

23   file an amended complaint after the original complaint is dismissed for failure to state a claim.

24   See, e.g., Peralta v. Martel, 2010 WL 2629060, *5 (E.D. Cal. 2010) (dismissal for failure to

25   prosecute without prejudice for failure to file an amended complaint constituted a "strike" under §

26   1915(g) where it was "clear from the district court's reasoning that failure to state a claim was a

27   fully sufficient condition for dismissing" the complaint).  The court has evaluated the orders

28   dismissing the three preceding cases and "other relevant information," as prescribed by the Ninth

4

1   Circuit, and has determined that in each case, even where the language of the final order of

2   dismissal did not precisely so state, the fundamental ground for dismissal was plaintiff's having

3   "failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

4          Plaintiff failed to file any opposition to defendants' motion to revoke in forma pauperis

5   status.  The undersigned finds that plaintiff is precluded from proceeding in forma pauperis in this

6   action unless plaintiff is under imminent danger of serious physical injury.  See 28 U.S.C.

7   1915(g); Canell v. Lightner, 143 F.3d 1210, 1212 (9th Cir. 1998).  To meet the exception,

8   plaintiff must have alleged facts that demonstrate that he was under imminent danger at the time

9   of filing the complaint.  See Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007) (recognizing

10   the general consensus among federal courts that "[p]risoners qualify for the [imminent danger]

11   exception based on the alleged conditions at the time the complaint was filed."); Abdul –Akbar v.

12   McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189,

13   1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715 (8th Cir.1998); Banos v. O'Guin, 144

14   F.3d 883, 884 (5th Cir. 1998).

15          In considering application of the "imminent danger" exception, the court must liberally

16   construe the pro se prisoner's allegations and determine whether the complaint plausibly alleges

17   that the prisoner faced "imminent danger of serious physical injury" at the time of filing.

18   Andrews v. Cervantes, 493 F.3d at 1055.  In Andrews, the Ninth Circuit adopted the Eighth

19   Circuit rule requiring the prisoner to allege "an ongoing danger" in order for the exception to

20   apply.  Id. at 1056.  As an example of sufficient allegations, the court discussed Ashley v.

21   Dilworth, 147 F.3d 715 (8th Cir. 1998), in which plaintiff specifically alleged that prison official

22   engaged in an ongoing pattern of placing him near a group of enemy inmates with a history of

23   causing serious injuries.  The allegations of multiple past assaults and ongoing proximity satisfied

24   the imminent danger exception.  Andrews, 493 F.3d at 1056 (discussing and quoting Ashley, 147

25   F.3d at 717).  The Andrews court also relied on Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.

26   2003), which states that the §1915(g) exception applies where there are "specific allegations of

27   ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of

28   imminent serious physical injury."  Id.

1    Plaintiff's  claims against defendants Adam and Bigney for retaliation and the use of

2    excessive force during a single incident that allegedly occurred on September 12, 2010 do not

3    satisfy the "imminent danger" exception.  At the time of filing his complaint on or around

4    November 17, 2011, more than a year later, plaintiff did not allege he was in imminent danger of

5    serious physical injury.  The court therefore finds that plaintiff is barred by the three-strikes

6    provision of § 1915(g) from proceeding in this action in forma pauperis.

7    II.    Motion to Compel

8    Because the court will recommend that plaintiff's in forma pauperis status be revoked, the

9    undersigned will not consider plaintiff's motion to compel discovery at this time.  Instead,

10   plaintiff's motion to compel will be vacated from the court's calendar without prejudice.  Should

11   these findings and recommendations be adopted, plaintiff may only re-notice this motion if he

12   timely pays the full filing fee.[2]

13   Accordingly, IT IS ORDERED that plaintiff's motion to compel discovery (ECF No. 28)

14   is VACATED at this time without prejudice to being re-noticed, if appropriate.

15   IT IS HEREBY RECOMMENDED that:

16   1.  Defendants' unopposed motion to revoke plaintiff's in forma pauperis status, ECF No.

17   27, be granted on the ground that plaintiff is barred from so proceeding in this action under the

18   "three strikes" provision of 28 U.S.C. § 1915(g);

19   2.  Plaintiff be directed to pay the $350 filing fee in full within thirty days of adoption of

20   these findings and recommendations, should that occur;

21   3.  This case be dismissed should plaintiff fail to pay the filing fee within the time

22   prescribed.

23   These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27

28   [2]  Alternatively, absent adoption, plaintiff may re-notice his discovery motion upon such a ruling.

6

1   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

2   objections shall be served and filed within fourteen days after service of the objections.  The

3   parties are advised that failure to file objections within the specified time may waive the right to

4   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5   DATED: November 22, 2013

6   _____
    ALLISON CLAIRE
7   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28